# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2025-1922
LT Case No. 2025-CC-0000679

———————————————

WILLIAM VINCENT VERNON, III,

    Appellant,

    v.

JACKQULYN YOUNG, as Personal
Representative of the Estate of
Doris Wright Shaw,

    Appellee.

———————————————

On appeal from the County Court for Marion County.
Leann Mackey-Barnes, Judge.

William Vincent Vernon, III, Silver Springs, pro se.

No Appearance for Appellee.

November 14, 2025

PER CURIAM.

    Young sued Vernon for unlawful detainer. Vernon maintained that he is the rightful owner of the house in question thanks to a will codicil, which he accused Young of concealing. He argued that the county court lacked jurisdiction to decide this case since ownership of the house was still in dispute in the probate court. Ultimately, the county court entered judgment for Young and issued a writ of possession.

As he did below, Vernon argues that the county court had no jurisdiction to hear this case. Our review is de novo. *See Estevill v. Estevill*, 399 So. 3d 1167, 1170 (Fla. 3d DCA 2024). Unless altered by the amount in controversy, county courts have exclusive jurisdiction over unlawful detainer actions. *See* § 34.011(2), Fla. Stat. (2025). But if the defendant asserts an equitable interest in the property, "the matter sounds in ejectment, not unlawful detainer." *Babcock v. Golden Acres S., LLC*, 361 So. 3d 406, 407 (Fla. 5th DCA 2023). In other words, ejectment becomes the proper cause of action. *See id.* at 408. And circuit courts have exclusive jurisdiction over actions of ejectment. § 26.012(2)(f), Fla. Stat.; *see also Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC*, 986 So. 2d 1244, 1250 (Fla. 2008) (holding that "county courts lack subject-matter jurisdiction to entertain ejectment actions").

Here, after Vernon "asserted an equitable interest in the property, ejectment became the proper cause of action because the trial court had to consider [his] equitable claims." *See Babcock*, 361 So. 3d at 408. Therefore, the county court lacked subject matter jurisdiction to rule on this matter, and its judgment is void. *See Estevill*, 399 So. 3d at 1172; *Babcock*, 361 So. 3d at 408; *Thompson v. Thompson*, 342 So. 3d 818, 821 (Fla. 3d DCA 2022); *see generally State Farm Fla. Ins. Co. v. Roof Pros Storm Div., Inc.*, 346 So. 3d 163, 165 (Fla. 5th DCA 2022) ("A lack of subject-matter jurisdiction renders a judgment void."). Accordingly, we reverse and remand with instructions to transfer this case to the circuit court.

REVERSED and REMANDED with instructions.

JAY, C.J., and EDWARDS and MACIVER, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---